IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY -3 PM 3: 28

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

|  |  |  |
|---|---|---|
| PEGGY GORDON | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| HOLY CROSS HOSPITAL | ) | |
| GERMANTOWN INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Holy Cross Hospital Germantown Inc. ("Defendant"), by counsel, hereby files its Notice of Removal of this action from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland.

Defendant bases its removal on the following grounds:

1.      On or about November 20, 2017, Plaintiff Peggy Gordon, filed a *pro se* action against Defendant in the Circuit Court for Montgomery County, Maryland, captioned *Peggy Gordon v. Holy Cross Hospital Germantown Inc.,* No. 440286V. Defendant was served with the original Complaint and Summons on or about December 22, 2017. The original Complaint alleged the following three claims: (1) "negligence" based on Defendant's alleged failure to "perform their duty...under MOSH section 5-104, which provides, in part, that the employer is required to provide a workplace that is safe and free from recognized hazards;" (2) disparate treatment based

on race under Title 20 of the Maryland State Government Article; and (3) a wrongful discharge tort claim.  A copy of the original Complaint and Summons is attached hereto and marked as Exhibit A.

2.      On January 22, 2018, pursuant to Maryland Rule 2-322(b), Defendant timely moved for dismissal of Plaintiff's Complaint in its entirety.  Defendant's Motion to Dismiss Plaintiff's Complaint is attached hereto as Exhibit B.

3.      On April 18, 2018, the parties appeared for a hearing on Defendant's Motion to Dismiss Plaintiff's Complaint.  During the hearing, counsel for Defendant first learned that Plaintiff had filed her First Amended Complaint.  Plaintiff provided counsel for Defendant with a copy of her First Amended Complaint on April 18, 2018, during the hearing.

4.      Plaintiff's First Amended Complaint alleges race and color discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and Title 20 of the Maryland State Government Code ("Title 20").  In her First Amended Complaint, Plaintiff does not allege negligence and wrongful discharge claims under Maryland law; consequently, Plaintiff has abandoned those claims. Plaintiff's First Amended Complaint is attached hereto and marked as Exhibit C.

5.      Defendant was first served with Plaintiff's First Amended Complaint on April 18, 2018 and has timely filed this removal within thirty days in accordance with 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

2

6.      Plaintiff's First Amended Complaint, which alleges discrimination under federal statutes, is the first pleading from which Defendant was able to ascertain that the case is one which is or has become removable.

7.      True and correct copies of other court documents filed in the Circuit Court for Montgomery County, Maryland are included in Exhibit A.

### Removal Based Upon Federal Question Jurisdiction

8.      This Court has original (federal question) jurisdiction over Plaintiff's discrimination claims under Title VII and Section 1981 because 28 U.S.C. § 1331 gives this Court "original jurisdiction of all civil actions arising under" the laws of the United States, and the Plaintiff's discrimination claims arise under the employment anti-discrimination laws of the United States.[1]

### Removal Based Upon Supplemental Jurisdiction

9.      This Court has supplemental jurisdiction over Plaintiff's Title 20 race and color discrimination claims under 28 U.S.C. § 1367, which gives the Court supplemental jurisdiction over all other claims that are so related to federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367 when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's claims for discrimination under Maryland state law and federal law all, by their nature, arise out of a common nucleus of operative facts: Plaintiff's

---

[1] In the First Amended Complaint, Plaintiff cites to federal jurisdictional statutes, including 28 U.S.C. § 1331, as the bases for the Circuit Court for Montgomery County, Maryland's jurisdiction over her claims.

employment with Defendant. In interpreting discrimination claims under Title 20, courts generally look to Title VII cases. *See Bishop v. Bd. Of Edc. Of Calver Co.*, 2011 WL 2651246, at \*9 (D. Md. July 5, 2011) (internal citations omitted); *See also Haas v. Lockheed Martin Corp.*, 396 Md. 469, 483 n. 8, 914 A.2d 735 (Md. 2007) (noting Title 20 is essentially the state-law "analog" to Title VII). Additionally, there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal of Plaintiff's Title 20 claims along with the Title VII and Section 1981 claims is proper.

10.    Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff, and has filed such Notice with the Clerk of Court for the Circuit Court for Montgomery County, Maryland. *See* Defendant's Notice of Filing Notice of Removal attached hereto as Exhibit D.

WHEREFORE, Defendant files this Notice of Removal so that the entire court action under Case Number 440286V now pending in the Circuit Court for Montgomery County, Maryland is removed to this Court for all further proceedings.

Respectfully submitted,

/s/ Robert R. Niccolini
Robert R. Niccolini
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
1909 K Street, N.W., 10th Floor
Washington, D.C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
robert.niccolini@ogletreedeakins.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2018, I caused a copy of the foregoing to be filed with the Clerk of Court and served a copy via first-class mail, postage prepaid on the following:

> Peggy Gordon
> 11911 Echo Point Place
> Clarksburg, MD 20871
>
> *Pro Se Plaintiff*

> /s/ Robert R. Niccolini
> Robert R. Niccolini
> OGLETREE, DEAKINS, NASH, SMOAK
> & STEWART, P.C.
> 1909 K Street, N.W., 10th Floor
> Washington, D.C.  20006
> Tel:  (202) 887-0855
> Fax:  (202) 887-0866
> robert.niccolini@ogletreedeakins.com
>
> *Counsel for Defendant*

33915109.1

5